```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

GEORGE W. BILLINGS,                    No. 1:17-cv-9748 (NLH/KMW)

         Petitioner,                   **OPINION**

    v.

RICHARD G. OUNJIAN, GEORGE
OUINJIAN, and ALICE JAYNE
ULSHAFER, jointly, severally,
and in the alternative also
known as A. JAYNE ULSHAFER,
also known as SASSAFRAS
HOMES, LLC,

         Respondents.

**APPEARANCES**:

GEORGE W. BILLINGS
339 EIGHTH AVENUE
LINDENWOLD, NJ 08021
     Appearing pro se

WILLIAM JOSEPH MARTIN
MARTIN, GUNN & MARTIN
216 HADDON AVENUE - SUITE 420
WESTMONT, NJ 08108
     On behalf of Respondents

**HILLMAN, District Judge**

   Petitioner filed a Motion to Vacate Arbitration Award with this Court.  Before the Court is also Respondents' Motion to Dismiss for Lack of Jurisdiction.  Finding there is no federal question jurisdiction over this matter, the Court will grant Respondents' motion.

**I.**

On July 30, 2004, Petitioner and Respondents entered into the Sassafras Homes Operating Agreement, which contained an "Arbitration Agreement." This Operating Agreement appears to have governed a limited liability company formed between Petitioner and Respondents. The underlying dispute appears to concern the distribution of funds between the members of the company following a sale of land. The conflict proceeded through arbitration before former District Judge Stephen M. Orlofsky.

Petitioner filed his Motion to Vacate Arbitration Award with the Court on October 30, 2017. On November 2, 2017, Respondents moved to dismiss for lack of subject matter jurisdiction. On November 10, 2017, Respondents further filed a cross-motion to confirm the arbitration award in the event the Court found it had jurisdiction.

**II.**

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a case for lack of subject matter jurisdiction. There are two types of motions that fall under Rule 12(b)(1): "12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d

Cir. 1977).

> A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court, because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present. . . . A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case – and here the District Court may look beyond the pleadings to ascertain the facts – do not support the asserted jurisdiction. . . . In sum, a facial attack "contests the sufficiency of the pleadings," "whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites."

Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (alterations in original) (citations omitted) (first quoting In re Schering Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012); and then quoting CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008)).

This is a facial 12(b)(1) motion. Thus, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. (quoting In re Schering Plough, 678 F.3d at 243). The Court applies "the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." Id.

**III.**

"'[F]ederal question' jurisdiction may arise in two ways." Goldman v. Citigroup Global Mkts., Inc., 834 F.3d 242, 249 (3d Cir. 2016). First, "a case arises under federal law when federal law creates the cause of action asserted." Id. (quoting Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013)). "However, even if the cause of action is based on state law, there is a 'special and small category of cases in which arising under jurisdiction still lies.'" Id. (quoting Gunn, 133 S. Ct. at 1064). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. (quoting Gunn, 133 S. Ct. at 1065). Jurisdiction under this scenario is based on the Supreme Court's decision in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005).

Under either scenario, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." Id. (citing Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 9-11 (1983)). "In short, 'a well-pleaded complaint establishes either that federal law creates the cause

4

of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd., 463 U.S. at 27-28).

"The [Federal Arbitration Act (FAA)] does not itself provide a federal cause of action for vacatur of an arbitration award." Id.

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise.

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983) (citation omitted). The Third Circuit has instructed that "the FAA does not provide a federal cause of action to ground subject-matter jurisdiction for [a] motion to vacate." Goldman, 834 F.3d at 250. Thus, while 9 U.S.C. § 10 "provides that a court may vacate an award that has been procured by fraud or where the arbitrator was guilty of misconduct in refusing a postponement of the hearing, . . . the Supreme Court made plain in Moses H. Cone Memorial Hosp. that the Arbitration Act alone cannot serve as a basis for finding federal jurisdiction." V.I. Hous. Auth. v. Coastal Gen. Constr. Servs. Corp., 27 F.3d 911, 916 (3d Cir. 1994).

5

Reviewing Petitioner's Motion to Vacate,[1] Petitioner does not point to federal law as a reason for vacating the arbitration award. See, e.g., Goldman, 834 F.3d at 250 ("[T]he Goldmans point to no federal law as the reason there should be a vacatur. Instead, they reference Pennsylvania state law governing vacatur of arbitration awards and . . . the indignities they allegedly suffered during the arbitration proceedings."). Petitioner instead argues the Arbitrator ignored several pieces of evidence, and that his decision was contrary to New Jersey law.

Specifically, Petitioner's motion argues:

- The Arbitrator did not consider evidence in Sections III, V, VII, VIII, and IX of the Operating Agreement, among other portions of the Operating Agreement.

- "The Arbitrator did not consider that documentation indicates that all of the Officers [and members] did not approve the sale of the land for less than $170,000."

- "The undocumented oral claims, by Respondents, should not have been considered . . . ."

---

[1] "[U]nlike in most federal actions that are initiated with a complaint, when a litigant is seeking to vacate an arbitration award under the FAA, 'such a request for relief shall be made in the form of a motion,' and a party need not 'initiate a challenge to an arbitration award by filing a complaint.'" Goldman, 834 F.3d at 247 n.3 (quoting O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 745 (11th Cir. 1988)).

Petitioner appears to argue that subject matter jurisdiction is not an appropriate basis for dismissal because no complaint was filed in this action. The procedural uniqueness of this motion does not eliminate the ironbound requirement that this Court have subject matter jurisdiction over all matters before it.

6

- The Arbitrator's award violated the Revised Uniform Limited Liability Company Act.

- "There was an evident material mistake of a thing referred to in the award. Namely, a fundamental breach of contract."

- "There was an evident material mistake of a thing referred to in the Award. Breach of the contractual obligation of good faith, fair dealing, and trustfulness."

- "The was an evident material mistake of a calculation referred to in the Award. The Arbitral award is mistaken because the Arbitrator failed to acknowledge numerous portions of the arbitration case, namely there is an evident material miscalculation of figures . . . ."

- "There was an evident material mistake of a thing(s) referred to in the award. The Arbitrator mistakenly disregarded several other counts contained in the 'COMPLAINT at Arbitration' while relying solely on a material mistake that the property(s) were sold 'in the regular course of business', however, the <u>Arbitrator was in possession of a sworn affidavit</u>, by Mr. Richard G. Ounjian, admitting they were '<u>not</u> sold in the normal course of business' . . . ."

As these arguments make plain, there is no allegation that any federal law provides the basis for Petitioner's motion. Accordingly, there is no federal cause of action to support jurisdiction. Thus, there can only be federal question jurisdiction here if Petitioner advanced a substantial federal issue under <u>Grable</u>. However, Petitioner has not advanced such an argument, nor is such a substantial federal issue apparent to

7

the Court from its reading of the papers before it.  The Court finds it lacks federal question jurisdiction.

**IV.**

Finding federal question jurisdiction lacking, the Court will grant Respondents' Motion to Dismiss for Lack of Jurisdiction and will deny Petitioner's Motion to Vacate Arbitration Award as moot.[2]  The Court does not address Respondents' Cross-Motion to Confirm Arbitration Award, which was submitted in the event the Court finds it has jurisdiction. Having determined that the Court lacks jurisdiction, that motion will also be denied as moot.[3]

An appropriate Order will be entered.

Date: April 20, 2018         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[2]  Petitioner has not pleaded or argued diversity jurisdiction, and from the parties' briefing, it does not appear the parties are diverse.  The Court notes, however, that Respondents' briefing improperly argues lack of diversity based on residence rather than the domicile of the individual parties.

[3]  Respondents' reply brief suggests Respondents intend to file a motion for sanctions against Petitioner for filing a frivolous motion, as Petitioner did not voluntarily dismiss the case and this Court is granting Respondent's motion.  While this Court certainly will not bar Respondents from filing a motion they determine has merit, Respondents are reminded of the pro se status of Petitioner.  While Rule 11 grants district courts "the power to sanction . . . pro se litigants," Thomas v. Conn. Gen. Life Ins. Co., No. 02-136, 2003 WL 22953189, at *3 (D. Del. Dec. 12, 2003) (quoting Ketchum v. Cruz, 775 F. Supp. 1399, 1403 (D. Colo. 1991), aff'd, 961 F.2d 916 (10th Cir. 1992)), that power should be exercised with caution so that those unschooled in the law are not inappropriately chilled in their efforts to seek redress from the courts.